AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of
NEW JERSEY

DENNIS RAMOS AND JUDITE SOARES, His Wife
individually and per quod

**SUMMONS IN A CIVIL ACTION**

V.

CITY OF NEWARK; NEWARK POLICE DEPARTMENT;
POLICE OFFICER LANDRE JOHNSON; LT. N.
JACOBS; CAPT. RILEY; POLICE CHIEF ANTHONY
CAMPOS; AND JOHN DOES 1-10

CASE NUMBER:

TO: (Name and address of Defendant)

CITY OF NEWARK, c/o Municipal Clerk's Office, 920 Broad Street, Newark, NJ, 07102

NEWARK POLICE DEPARTMENT, POLICE OFFICER LANDRE JOHNSON, LT. N. JACOBS, CAPT. RILEY
POLICE CHIEF ANTHONY CAMPOS, 31 Green Street, Newark, NJ, 07102

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

JOHN L. WEICHSEL, ESQ., 79 Main Street, Suite 1, Hackensack, NJ, 07601

an answer to the complaint which is served on you with this summons, within _____ days after service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK                                                                    DATE

(By) DEPUTY CLERK

※AO 440  (Rev. 8/01)  Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____           _____
                    Date                                        *Signature of Server*

                                              _____
                                                        *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

%JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DENNIS RAMOS AND JUDITE SOARES, His Wife, individually and per quod

**DEFENDANTS**
CITY OF NEWARK: NEWARK POLICE DEPARTMENT; POLICE OFFICER LANDRE JOHNSON; LT. N. JACOBS CAPT. RILEY; POLICE CHIEF ANTHONY CAMPOS AND JOHN DOES 1-10

(b) County of Residence of First Listed Plaintiff: **ESSEX**
County of Residence of First Listed Defendant: **ESSEX**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)
JOHN L. WEICHSEL, ESQ. (JLW-3958)
79 Main Street
Hackensack, NJ 07601
(201) 488-1400; Fax (201) 488-3970
Email: John.Weichsel@verizon.net

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS---Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☒ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S. 1983

Brief description of cause:
Plaintiff was assaulted by officer(s) of the Newark Police Department

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE
DOCKET NUMBER

Explanation

DATE: 6/04/2008

SIGNATURE OF ATTORNEY OF RECORD

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.      (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.     Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.     Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**         Example:         U.S. Civil Statute: 47 USC 553
                                                                 Brief Description: Unauthorized reception of cable service

**VII.   Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases. Provide a brief explanation of why the cases are related.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

JOHN L. WEICHSEL, ESQ. (JLW - 3958)
79 Main Street
Hackensack, New Jersey  07601
(201) 488-1400/Fax No. (201) 488-3970
Email John.Weichsel@verizon.net
Attorney for Plaintiff
File No. 01-5438-8

| | |
|---|---|
| **Plaintiff** | UNITED STATES DISTRICT COURT |
| | DISTRICT OF NEW JERSEY |
| DENNIS RAMOS AND JUDITE SOARES, his wife, individually and per quod | CIVIL ACTION NO. |
| v. | |
| **Defendants** | COMPLAINT AND JURY DEMAND |
| CITY OF NEWARK; NEWARK POLICE DEPARTMENT; POLICE OFFICER LANDRE JOHNSON; LT. N. JACOBS; CAPT. RILEY; POLICE CHIEF ANTHONY CAMPOS; AND JOHN DOES 1-10, jointly, severally or in the alternative | |

Plaintiffs Dennis Ramos and Judite Soares, his wife, residing at 61 Jackson Street in the City of Newark, County of Essex and State of New Jersey, by way of complaint against the defendants, say:

### NATURE OF ACTION

1. This action arises in part under the Constitution and Laws of the State of New Jersey and under the Constitution of the United States of America, more particularly under the provisions of the Fourth and Fourteenth Amendments to the Constitution of the United States and Title 42 of the United States Code Sec. 1983, to recover compensatory damages, punitive damages, declaratory

judgment relief, and injunction relief because of the damages sustained by plaintiff Dennis Ramos as a result of severe personal injuries to plaintiff Dennis Ramos as a result of the illegal assault and battery on the person of Dennis Ramos and an intentional infliction of emotional distress upon plaintiffs Dennis Ramos and Judite Soares, his wife.  The acts complained of were committed under color of law, with intent to deny plaintiffs equal protection under the law, and for refusing or neglecting to prevent such deprivations and denials to plaintiffs.

### VENUE

2.   Jurisdiction properly lies in the Federal District Court by virtue of the nature of the action set forth in Title 42 U.S.C.A. Sec. 1983.  (See 42 U.S.C.A. Sec. 1343 and 28 U.S.C. Sec. 1331.)

### PLAINTIFFS

3.   Plaintiffs Dennis Ramos and Judite Soares, his wife, are Citizens of the United States of America and are residents of the City of Newark, County of Essex and State of New Jersey.

### DEFENDANTS

4.   Defendant City of Newark is now and at all times relevant hereto has been a municipal corporation duly organized under the laws of the State of New Jersey with the power and authority over the various other defendants.

5. Defendant City of Newark Police Department now and at all times relevant hereto has been a governmental subdivision of the defendant City of Newark, County of Essex and State of New Jersey.

6. Defendant Police Officer Landre Johnson is and at all times relevant hereto has been a duly appointed employee as a police officer of the City of Newark Police Department, a governmental subdivision of the municipal corporation of the City of Newark, County of Essex and State of New Jersey.

7. Defendant Lt. N. Jacobs is and at all times relevant hereto has been a duly appointed employee as an officer of the City of Newark Police Department, a governmental subdivision of the municipal corporation of the City of Newark, County of Essex and State of New Jersey.

8. Defendant Capt. Riley is and at all times relevant hereto has been a duly appointed employee as an officer of the City of Newark Police Department, a governmental subdivision of the municipal corporation of the City of Newark, County of Essex and State of New Jersey.

9. Defendant Police Chief Anthony Campos at all times relevant hereto a duly appointed employee of the City of Newark Police Department, a governmental subdivision of the municipal corporation of the City of Newark, County of Essex and State of New Jersey, with supervisory powers over the officers of the City of Newark Police Department.

10. Defendant John Does 1-10 designate individual potential defendants responsible for the damages sustained by plaintiffs whose identities are currently unknown to plaintiff, but who may become known and identifiable during the course of discovery.

## COUNT ONE

## DEPRIVATION OF CIVIL RIGHTS

11. On or about June 8, 2006, at approximately 2:00 A.M., plaintiffs Dennis Ramos and Judite Soares were patrons at the establishment known as Andros Diner located at 6 Wilson Avenue in the City of Newark, County of Essex and State of New Jersey.

12. At that time and place, an altercation transpired between other patrons and defendant Johnson along with other individuals who identified themselves as officers of the City of Newark Police Department attempted to separate those involved, including advising all patrons they had to leave the premises.

13. At that time, without just provocation or cause, defendant Johnson assaulted plaintiff Dennis Ramos by punching him and shoving him down a flight of stairs. Plaintiff Dennis Ramos, being unarmed and unable to defend himself against defendant Johnson, was assaulted and beaten.

14. As a result of the assault by defendant Johnson, plaintiff Dennis Ramos suffered lacerations about his head and eye which left permanent visible scars, loss of vision, loss of hearing and psychological injuries. Plaintiff Dennis Ramos was required to seek medical and hospital attention and will in the future be

required to seek medical and hospital attention in a continuing effort to be cured of his injuries and to minister to those permanent in nature. Additionally, plaintiff Dennis Ramos suffered great pain and will continue to suffer great pain in the future. Consequently, plaintiff was prevented from following his occupation, vocation or avocation and therefore lost wages.

15.  As a result of his unlawful and malicious physical abuse of plaintiff, defendant Johnson deprived plaintiff Dennis Ramos of his right to equal protection under the law and impeded the due course of justice, all in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States of America and 42 U.S.C.A. Sec. 1983.

16.  Upon information and belief, defendants Lt. Jacobs, Capt. Riley and John Does 1-10 either witnessed or were present at the time of defendant Johnson's assault upon plaintiff Dennis Ramos and, as senior officers and/or other representatives of the City of Newark Police Department failed to discipline, sanction or otherwise reprimand the defendant police officer and impliedly accepted and approved his dishonest and criminal conduct.

17.  After becoming aware of the conduct of said defendants, defendants City of Newark, City of Newark Police Department and Police Chief Campos failed to discipline, sanction or otherwise penalize the defendant police officer and impliedly accepted and approved his dishonest and criminal conduct.

18.  The conduct of defendants Johnson, Jacobs, Riley, Campos and John Does 1-10 were either encouraged or directed by defendants City of Newark and City of Newark Police Department pursuant to a common plan or design or general direction given to the defendant police officers, or were part of a general practice, custom or usage that defendants City of Newark and City of Newark Police Department were aware of, ratified and knowingly acquiesced in.

19.  The conduct of the defendants, and each of them, deprived plaintiff Dennis Ramos of his right not to be deprived of life, liberty or property without due process of law, and the right to equal protection under the law as secured by the Fourth and Fourteenth Amendments to the Constitution of the United States.

20.  The conduct of the defendants, and each of them, deprived plaintiff of his legal right secured by Title 42 of the United States Code Sec. 1983.

21.  The acts, conduct and behavior of the defendants, and each of them, were performed knowingly, intentionally, recklessly and maliciously and were the proximate cause of plaintiff's injuries described herein, and by reason of which plaintiff is entitled to an award of compensatory and punitive damages.

22.  **WHEREFORE**, plaintiff Dennis Ramos demands judgment:

A)  For compensatory and punitive damages against defendants City of Newark, City of Newark Police Department, Police Officer Landre Johnson, Lt. N. Jacobs, Capt. Riley, Police Chief Anthony Campos, and John Does 1-10, jointly, severally, or in the

alternative;

B) For prejudgment interest and costs of suit, including reasonable attorney's fees, pursuant to 42 U.S.C.A. Sec. 1988, and witness fees;

C) Injunctive relief ordering the defendants to discontinue the illegal practices described in this complaint;

D) Declarative judgment and injunctive order directing the formulation and implementation of rules and regulations regarding the conduct of the Paterson Police Department that will be consistent with and in accordance with rights assured citizens under the constitutional law of the United States of America; and

E) For such other and further relief as the Court deems just and equitable.

## COUNT TWO

## DEPRIVATION OF CIVIL RIGHTS

23. Plaintiffs Dennis Ramos and Judite Soares, his wife, repeat the allegations of Count One as if set forth at length.

24. At all times relevant to this complaint, defendants Johnson, Jacobs, Riley and John Does 1-10 as police officers of the City of Newark Police Department were acting under the direction and control of defendant Police Chief Campos and defendant City of Newark.

25. Acting under color of law, defendants Police Chief Campos, City of Newark and City of Newark Police Department failed to instruct, supervise, control and discipline on a continuing

basis the defendant police officers in their duties to refrain from: (1) unlawfully and malicious harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges and immunities; (2) unlawfully and maliciously assaulting and beating a citizen or otherwise using unreasonable and excessive force for no apparent reason; (3) conspiring to violate the rights, privileges and immunities guaranteed to plaintiffs by the Constitution and Laws of the United States of America and the Constitution and Laws of the State of New Jersey; and (4) otherwise depriving plaintiff of his constitutional and statutory rights, privileges and immunities.

26. Defendants Police Chief Campos, City of Newark and City of Newark Police Department had actual knowledge that the defendant police officers and other police officers had previously and persistently committed the acts described in Count One above or had they diligently exercised their duties to instruct, supervise, control and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done had taken place and were highly likely to continue to take place. Defendants Police Chief Campos, City of Newark and City of Newark Police Department had power to prevent or aid in the prevention of the commission of said wrongs and could have done so by reasonable diligence and grossly and recklessly neglected or refused to do so.

27. Defendants Police Chief Campos, City of Newark and City of Newark Police Department had the authority and were required by

statute or ordinance of the State of New Jersey or the City of Newark to exercise due diligence to instruct, supervise, control and discipline on a continuing basis defendant police officers and said defendants Police Chief Campos, City of Newark and City of Newark Police Department intentionally or recklessly failed to perform such duties as required by state law or municipal ordinance.

28. Defendants Police Chief Campos, City of Newark and City of Newark Police Department, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct of the defendant police officers heretofore described.

29. As a direct and proximate cause of the grossly and recklessly negligent and intentional actions of defendants Police Chief Campos, City of Newark and City of Newark Police Department, as set forth in Count One above, plaintiff Dennis Ramos suffered lacerations about his head and eye which left permanent visible scars, loss of vision, loss of hearing and psychological injuries. Plaintiff Dennis Ramos was required to seek medical and hospital attention and will in the future be required to seek medical and hospital attention in a continuing effort to be cured of his injuries and to minister to those permanent in nature. Additionally, plaintiff Dennis Ramos suffered great pain and will continue to suffer great pain in the future. Consequently, plaintiff was prevented from following his occupation, vocation or

avocation and therefore lost wages.

30. **WHEREFORE**, plaintiff Dennis Ramos demands judgment:

A) For compensatory and punitive damages against defendants City of Newark, City of Newark Police Department, and Police Chief Anthony Campos, jointly, severally, or in the alternative;

B) For prejudgment interest and costs of suit, including reasonable attorney's fees, pursuant to 42 U.S.C.A. Sec. 1988, and witness fees; and

C) Injunctive relief ordering the defendants to discontinue the illegal practices described in this complaint;

D) Declarative judgment and injunctive order directing the formulation and implementation of rules and regulations regarding the conduct of the Paterson Police Department that will be consistent with and in accordance with rights assured citizens under the constitutional law of the United States of America;

E) For such other and further relief as the Court deems just and equitable.

## STATE LAW CLAIMS

### COUNT THREE

### ASSAULT AND BATTERY

31. Plaintiffs repeat the allegations of Counts One and Two as if set forth at length.

32. On or about June 8, 2006, at approximately 2:00 A.M., plaintiff Dennis Ramos was a lawful patron at the establishment known as Andros Diner in the City of Newark, County of Essex and

State of New Jersey.

33. At said time and place, defendant Police Officer Johnson, with force and arms, and without provocation, maliciously made an assault and battery upon plaintiff Dennis Ramos.

34. Defendant Police Officer Johnson committed said assault and battery in the course of his employment as a police officer of the City of Newark Police Department and the doctrine of respondeat superior applies.

35. As a result of the acts of defendant Police Officer Johnson, plaintiff Dennis Ramos suffered shock and injury, severe mental disturbance, and was rendered emotionally upset, and said injuries have had continuing and lasting effects.

36. **WHEREFORE**, plaintiff Dennis Ramos demands judgment against the defendants City of Newark, City of Newark Police Department, Police Officer Landre Johnson, Lt. N. Jacobs, Capt. Riley, Police Chief Anthony Campos, and John Does 1-10, jointly, severally, or in the alternative, for compensatory damages, punitive damages, prejudgment interest and costs of suit.

## COUNT FOUR

### PER QUOD

37. Plaintiffs repeat the allegations of Counts One, Two and Three as if set forth at length.

38. Plaintiff Judite Soares is the wife of plaintiff Dennis Ramos and as such is the person entitled to the male plaintiff's services, society and consortium and responsible for the male

plaintiff's bills.

39. As a result of the aforesaid, this plaintiff was required to expend divers sums of money for medical and hospital attention in an effort to cure the male plaintiff of his injuries and this plaintiff will in the future be required to expend divers sums of money for medical and hospital attention in a continuing effort to cure the male plaintiff of his injuries and to minister to those permanent in nature. Additionally, this plaintiff was deprived of the services of the male plaintiff and denied his consortium, all of the aforesaid being to this plaintiff's loss and detriment.

40. **WHEREFORE**, plaintiff Judite Soares demands judgment against defendants, City of Newark, City of Newark Police Department, Police Officer Landre Johnson, Lt. N. Jacobs, Capt. Riley, and Police Chief Anthony Campos, jointly, severally or in the alternative, for damages, punitive damages, costs of suit, attorney's fees, and such other and further relief as the Court deems just and equitable.

## COUNT FIVE

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

41. Plaintiffs repeat the allegations of Counts One, Two, Three and Four as if set forth at length.

42. On June 8, 2006, defendant Police Officer Johnson accosted plaintiff Dennis Ramos and did unlawfully, willfully, aggressively and contemptuously assault, beat, disturb and disquiet plaintiff by the use of aggression and physical force when the

defendant knew or should have known that such conduct was likely to cause plaintiff injuries as described in the foregoing Counts. The above-mentioned conduct of the defendant was unprivileged, willful, malicious, and made with the intent to cause plaintiff severe mental pain and distress.

43. Plaintiffs reasonably believe that defendant Police Officer Johnson intended to carry out his threats of grave bodily injury and did carry out the threats by causing severe personal injury to plaintiff Dennis Ramos and, as a result thereof, the plaintiffs were put in fear that they would suffer physical harm at the hands of the defendants.

44. Plaintiff Judite Soares was compelled to witness the defendant violently and maliciously assault her husband; and witness her husband as he lay on the sidewalk bleeding and severely injured.

45. Because of the said wrongful acts and words made by defendants to plaintiffs, plaintiffs became afraid, ill, excited, nervous, and their moral sensibility and ideals of decency and propriety were shocked; the plaintiffs suffered nervous injury, shock, fear, anxiety, and anguish.

46. **WHEREFORE**, plaintiffs demand judgment against defendants City of Newark, City of Newark Police Department, Police Officer Landre Johnson, Lt. N. Jacobs, Capt. Riley, Police Chief Anthony Campos, and John Does 1-10, jointly, severally, or in the alternative for compensatory damages, punitive damages, prejudgment

interest, costs of suit, attorneys fees, and such other and further relief as the Court deems just and equitable.

<b><u>JURY DEMAND</u></b>

Plaintiffs Dennis Ramos and Judite Soares, his wife, demand trial by jury of 12 on all issues so triable.

DATED:    June 4, 2008

_____
JOHN L. WEICHSEL, ESQ.
Attorney for Plaintiffs